GEORGE WOODWORTH vs. GEORGE GRENIER and trustees.

Piscataquis.    Opinion October 1, 1879.

*Trustee process.    Assault and battery.*

An action for assault and battery cannot be commenced by trustee process. The word "expect" in R. S. c. 86, § 1 is a misprint and should read "except."

ON EXCEPTIONS.

Trespass against the principal defendant for an assault and battery.

The presiding justice ruled that this kind of action could not be commenced by trustee process; and the plaintiff alleged exceptions.

*D. L. Savage,* for the plaintiff, on the construction of the statute argued as follows:

"All personal actions may be commenced by trustee process. R. S. c. 86, § 1 provides, 'That all personal actions *expect* those of detinue, replevin, actions on the case for malicious prosecution, for slander by writing or speaking and for assault and battery, may be commenced by trustee process. Mark the words 'all personal actions expect' &c. Expect means 'to wait for.' Then all other personal actions shall wait for those of detinue . . and assault and battery.

"The trustees were discharged because the statute was supposed to prohibit the bringing of such an action by trustee process. It is respectfully submitted that the statute does not bar this kind of action; but on the contrary gives precedence to actions of detinue . . assault and battery to all other personal actions."

*A. G. Lebroke,* for the defendant.

VIRGIN, J.    R. S., c. 86, § 1, provides that "all personal actions, *expect* those of detinue, replevin, actions on the case for malicious prosecution, for slander by writing or speaking, and for assault and battery, may be commenced by trustee process," etc. The word "expect" is most manifestly a typographical error caused by an accidental transposition of three letters and it should be "except"

as in the original statute and in all the revisions. Stat. 1821, c. 61, § 1. R. S. 1841, c. 119, § 1. R. S. 1857, c. 86, § 1.

In the revisions of statutes, verbal changes may occur, when it is obvious that no change in the law was intended, *Hughes* v. *Farrar*, 45 Maine, 72. *French* v. *Co. Com.* 64 Maine, 583.

Moreover, "no statute ought to be construed in such a manner as to be against reason." Bac. Ab. Stat. I. 10.

And "such a construction ought to be put upon a statute as may best answer the intention which the makers had in view; *qui hæret in litera hæret in cortice.*" Bac. Ab. I. 5. So that "whenever the intention of the legislature can be discovered, it ought to be followed with reason and discretion in the construction of the statute, although such construction seem contrary to the letter of the statute." *People* v. *Utica Ins. Co.*, 15 Johns. 380-1. *Jackson* v. *Collins*, 3 Cow. 96, and cases.

Literally construed, the provision would be absurd. Even the ingenious interpretation and luminous explanation suggested by the astute counsel for the plaintiff do not save it from the sheerest nonsense.

The ruling was obviously correct.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.